IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL NELSON, | No. 4:23-CV-00945 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MORISSA REDICK, | |
| Defendant. | |

MEMORANDUM OPINION

AUGUST 22, 2023

Plaintiff Michael Nelson is a serial *pro se* litigant who is well known to this Court. He is currently incarcerated at SCI Somerset but filed the instant *pro se* Section 1983[1] action concerning allegedly deficient medical care at SCI Mahanoy. Because Nelson fails to state a claim for relief under Section 1983, the Court will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

I.  **STANDARDS OF REVIEW**

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] *See* 28 U.S.C. § 1915A(a).

basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

---

[3] *Id.* § 1915A(b)(1).
[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Nelson proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Nelson, is incarcerated.[14]

## II.    DISCUSSION

Nelson alleges that, on the evening of October 27, 2022 (between 6:00 p.m. and 8:00 p.m.), he gave a written sick-call request to nurse Morissa Redick, who

---

[8]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12]  *Iqbal*, 556 U.S. at 681.
[13]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[14]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

was dispensing evening medications to inmates.[15]  Nelson avers that he made this sick-call request because he was "in a great deal of pain," although he does not specify the reason for the pain or provide any other information regarding his physical ailment.[16]  Nelson states that he initially gave the sick-call request to a correctional officer, who then handed it to Redick and Redick "placed it in her hand[-]held basket."[17]

The following morning, Nelson recalls that a nurse practitioner made sick-call rounds between 7:00 a.m. and 8:00 a.m. but he was not seen by her.[18]  Nelson asserts that "[i]t was then discovered" that Redick had failed to submit his sick-call request from the previous evening.[19]  Nelson further alleges that, due to his pain, he "covered his cell door and threaten[ed] Correctional Officers with having [to] administer" pepper spray into his cell "if he was not seen by medical."[20]  This tactic apparently produced the desired result, as Nelson states that he was removed from his cell (sometime between 8:45 a.m. and 10:00 a.m.) to be treated by medical.[21]

---

[15]  Doc. 1 ¶¶ 7-8.
[16]  *Id.* ¶ 9.
[17]  *Id.* ¶ 8.
[18]  *Id.* ¶ 10.
[19]  *Id.* ¶ 11.
[20]  *Id.* ¶ 12.
[21]  *Id.* ¶ 13.

Nelson asserts a single claim of Eighth Amendment deliberate indifference to serious medical needs.[22] He sues Redick in her individual capacity and seeks $5 million in damages.[23] However, Nelson's allegations fail to plausibly state a medical deliberate indifference claim.

### A.   Alleged Eighth Amendment Violation

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[24] To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[25] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[26]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of

---

[22] *Id.* ¶ 1.
[23] *Id.* ¶ 6. In his opening paragraph, Nelson asserts that he is seeking "compensatory, punitive, injunctive and declaratory relief," (*see* Doc. 1 ¶ 1), but he does not elaborate on any of these claims beyond stating that he is seeking "$5,000,000.00."
[24] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[25] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[26] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

injury.[27]  Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[28]  Claims sounding in mere medical negligence will not suffice.[29]

Simply put, Nelson's allegations against Redick do not rise to the level of a constitutional violation.  First, Nelson has not plausibly alleged a serious medical need.  He claims that he was experiencing "a great deal of pain," but he does not explain what was causing his pain or provide any diagnosis or treatment that he subsequently received.  A mere allegation that he was experiencing pain does not qualify as being "diagnosed by a physician" with a serious medical need or that the medical issue was "so obvious that a lay person would easily recognize the necessity for a doctor's attention."[30]

Even assuming, *arguendo*, that Nelson identified a serious medical need, he has not plausibly alleged deliberate indifference by Redick.  He asserts only that he gave Redick a written sick-call request on the evening of October 27 and that she failed "to submit" that request (presumably to the appropriate superior or filing system), so he was not seen by the nurse the next morning.  This single allegation does not reflect deliberate indifference or "unnecessary and wanton infliction of

---

[27]  *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[28]  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[29]  *Rouse*, 182 F.3d at 197.
[30]  *Lanzaro*, 834 F.2d at 347.

pain."[31]  The are numerous reasons why Redick may not have submitted the request slip, *e.g.*, that she forgot or misplaced it.  Nelson also admits that he was seen approximately one to two hours after the nurse practitioner made her morning rounds, so this is not the type of case where an inmate's repeated requests for treatment are chronically ignored.  An hour or two delay in treatment for an unspecified medical issue that is not an immediate threat to life or health (unlike, for instance, a stroke or heart attack) simply does not evince constitutionally deficient medical care.[32]

Furthermore, Nelson does not allege that Redick was aware of his physical distress or knew that he had a pressing need for medical attention.[33]  All that can be ascertained from the complaint is that Redick received a written sick-call request from Nelson and placed it into the basket she was carrying.  However, it is well known that prisoners submit sick-call requests for a variety of reasons and not all

---

[31] *Estelle*, 429 U.S. at 104 (citation omitted).

[32] *See Spruill v. Gillis*, 372 F.3d 218, 236-37 (3d Cir. 2004) (finding that inmate's one-day delay between signing up for sick call and being seen by a nurse, despite claiming he was in "excruciating pain," did not amount to deliberate indifference); *Parker v. Mulderig*, No. 92-CV-2645, 1993 WL 44275, at *6 (E.D. Pa. Feb. 17, 1993) ("[Plaintiff] avers he suffered pain in the four or five hours between the time he first sought care from [a guard] and the time he obtained medical attention [ ]. This delay, however, is constitutionally negligible. The ability to obtain immediate medical care on demand is a luxury enjoyed by few outside prison walls. Prisoners can expect no more. While delay in access to medical care can amount to cruel and unusual punishment, a few hours wait for medical care for an illness or condition that does not constitute an immediate threat to life or health is not evidence of a deliberate indifference to serious medical needs." (alterations in original) (quoting *Felders v. Miller*, 776 F. Supp. 424, 427 (N.D. Ind. 1991))).

[33] *See, e.g.*, *Montgomery v. Pinchak*, 294 F.3d 492, 494 (3d Cir. 2002) (explaining that certain medical issues "unlike, for example, broken legs or bullet wounds, do not clearly manifest themselves in ways that are obvious and ascertainable to a lay person").

of them qualify as serious medical needs.  Thus, it cannot be said that Redick acted "with deliberate indifference to a substantial risk of serious harm to a prisoner"[34] when there is no allegation that Redick was aware of a serious medical need or substantial risk of harm to Nelson.

Nelson's Eighth Amendment claim, therefore, fails at both elements. Dismissal under 28 U.S.C. § 1915A(b)(1) is required.

### B. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[35]  Because it is conceivable that Nelson could cure his pleading deficiencies, the Court will permit him to file an amended complaint—in accordance with this Memorandum—in the event that he can aver facts that would plausibly state a constitutional violation.

Alternatively, Nelson may also opt to stand on his current pleadings.  If Nelson chooses this option, he must promptly indicate in writing that he is choosing to stand on his complaint and the Court will then enter a final order of dismissal under 28 U.S.C. § 1915A(b)(1).[36]

---

[34] *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).
[35] *Grayson*, 293 F.3d at 114.
[36] *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019).

### III.  CONCLUSION

Based on the foregoing, the Court will dismiss Nelson's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted.  Nelson may file an amended complaint in accordance with this Memorandum or he may choose to stand on his initial pleading.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge