IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL NELSON, | No. 4:23-CV-00945 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MARISSA REDICK, | |
| Defendant. | |

MEMORANDUM OPINION

JANUARY 5, 2024

Plaintiff Michael Nelson is a serial *pro se* litigant who is well known to this Court. He is currently housed at SCI Somerset but filed the instant *pro se* Section 1983[1] action concerning alleged constitutional violations while incarcerated at SCI Mahanoy. Because Nelson again fails to state a claim for relief, the Court will dismiss his amended complaint pursuant to 28 U.S.C. § 1915A(b)(1). This time, dismissal will be with prejudice.

I.     BACKGROUND

Nelson initially filed the instant civil action in June 2023. The gravamen of his original complaint was that, during one evening in October 2022, nurse Marissa Redick allegedly violated his Eighth Amendment rights by failing to submit a sick-

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

call request slip.[2] Due to Redick's failure to submit the sick-call request, Nelson was not seen during the sick-call rounds that occurred between 7:00 a.m. and 8:00 a.m. the following day and instead was seen by medical between 8:45 a.m. and 10:00 a.m. after demanding medical attention.[3]

The Court screened Nelson's complaint pursuant to 28 U.S.C. § 1915A, as required.[4] Ultimately, the Court determined that Nelson had failed to state an Eighth Amendment claim of deliberate indifference to serious medical needs.[5]

First, the Court explained that Nelson had not plausibly alleged a serious medical need.[6] Although Nelson had vaguely claimed that he was experiencing "a great deal of pain," he did not allege what was causing his pain, nor did he assert that he was diagnosed with an injury or illness or was being treated for a serious medical issue of which Redick was aware. The Court concluded that "[a] mere allegation that [Nelson] was experiencing pain does not qualify as being 'diagnosed by a physician' with a serious medical need or that the medical issue was 'so obvious that a lay person would easily recognize the necessity for a doctor's attention.'"[7]

---

[2] *See generally* Doc. 1.
[3] *See id.* ¶¶ 10-13.
[4] *See generally* Doc. 8.
[5] *See id.* at 5-8.
[6] *Id.* at 6.
[7] *Id.* (quoting *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

Next, assuming for the sake of argument that Nelson had identified a serious medical need, the Court determined that he failed to plausibly plead that Redick had exhibited deliberate indifference. Nelson alleged only that Redick had failed to submit his sick-call request slip, which at most may implicate negligence.[8] The Court also observed that Nelson received follow-up medical care one to two hours after the earliest nursing rounds and that such a minor delay in treatment for a non-life-threatening issue "simply does not evince constitutionally deficient medical care."[9]

The Court consequently dismissed Nelson's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim and gave him the option of filing an amended complaint or standing on his original complaint.[10] Nelson responded by filing a two-page amended complaint.[11] The Court will screen that filing pursuant to its obligations under 28 U.S.C. § 1915A.

## II. STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[12] One basis for dismissal at the screening stage is if the complaint "fails to state a claim

---

[8] *Id.* at 7-8.
[9] *Id.* at 8 (citations omitted).
[10] *See id.*
[11] Doc. 10.
[12] *See* 28 U.S.C. § 1915A(a).

upon which relief may be granted[.]"[13]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[14]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[15]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[16]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[17]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[18]  At step one, the court must "tak[e] note of the elements [the]

---

[13]  *Id.* § 1915A(b)(1).
[14]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[15]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[16]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[17]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[18]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

plaintiff must plead to state a claim."[19]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[20]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[21]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[22]

Because Nelson proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[23]  This is particularly true when the *pro se* litigant, like Nelson, is incarcerated.[24]

### III. DISCUSSION

Nelson's amended complaint is largely identical to his original complaint. He alleges that on October 27, 2022, Redick came to his cell door and delivered his evening medication.[25]  He recounts that, as Redick was walking away, he called her back to give her a sick-call request slip and a corrections officer came to his

---

[19] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[20] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[21] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[22] *Iqbal*, 556 U.S. at 681.
[23] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[24] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[25] Doc. 10 ¶ 7.

cell door, took the slip from Nelson, and gave it to Redick, who placed it in a basket that she was carrying.[26]

Nelson alleges that the following day, when he asked why he was not seen for morning sick-call rounds, he was informed that he was not signed up for sick call.[27] He then alleges, in conclusory fashion, that Redick "knowingly and intentionally failed to turn in" his sick-call request slip to make him "suffer in pain as punishment for naming her as a Defendant" in one of his other civil rights lawsuits.[28]

Nelson again asserts a claim for Eighth Amendment deliberate indifference to serious medical needs, and this time adds a First Amendment retaliation claim.[29] Both claims suffer from fatal pleading deficiencies.

### A.   Alleged Eighth Amendment Violation

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[30] To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate

---

[26]   *Id.* ¶ 8.
[27]   *Id.* ¶ 9.
[28]   *Id.* ¶¶ 9, 10.
[29]   *Id.* ¶¶ 1, 10.
[30]   *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

indifference to that need."[31]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[32]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[33]  Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[34]  Claims sounding in mere medical negligence will not suffice.[35]

Once again, Nelson's allegations against Redick do not rise to the level of an Eighth Amendment violation.  First, as with his initial complaint, Nelson has not plausibly alleged a serious medical need.  In his amended complaint, he claims only that he gave Redick a sick-call request slip.  This single allegation plainly does not qualify as being "diagnosed by a physician" with a serious medical need, nor does it identify a medical issue that is "so obvious that a lay person would easily recognize the necessity for a doctor's attention."[36]  There are many reasons

---

[31] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[32] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[33] See *Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[34] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[35] *Rouse*, 182 F.3d at 197.
[36] *Lanzaro*, 834 F.2d at 347.

why an inmate may submit a sick-call slip, and not every sick-call request represents an obvious medical need.

Even assuming, for the sake of argument, that Nelson identified a serious medical need, he has not plausibly alleged deliberate indifference by Redick. He asserts only that he gave Redick a written sick-call slip on the evening of October 27 and that she "knowingly and intentionally" failed to submit that request (presumably to the appropriate superior or filing system), so he was not seen during sick-call rounds the next day. Nelson, however, admits that he was seen by medical shortly after the prison medical provider made her morning rounds,[37] so this is not the type of case where an inmate's repeated requests for treatment are chronically ignored. A brief delay in treatment for an unspecified medical issue that is not an immediate threat to life or health (unlike, for instance, a stroke or heart attack) simply does not evince constitutionally deficient medical care.[38]

---

[37] *See* Doc. 10 ¶ 10; Doc. 1 ¶¶ 12-13.
[38] *See Spruill v. Gillis*, 372 F.3d 218, 236-37 (3d Cir. 2004) (finding that inmate's one-day delay between signing up for sick call and being seen by a nurse, despite claiming he was in "excruciating pain," did not amount to deliberate indifference); *Parker v. Mulderig*, No. 92-CV-2645, 1993 WL 44275, at *6 (E.D. Pa. Feb. 17, 1993) ("[Plaintiff] avers he suffered pain in the four or five hours between the time he first sought care from [a guard] and the time he obtained medical attention [ ]. This delay, however, is constitutionally negligible. The ability to obtain immediate medical care on demand is a luxury enjoyed by few outside prison walls. Prisoners can expect no more. While delay in access to medical care can amount to cruel and unusual punishment, a few hours wait for medical care for an illness or condition that does not constitute an immediate threat to life or health is not evidence of a deliberate indifference to serious medical needs." (alterations in original) (quoting *Felders v. Miller*, 776 F. Supp. 424, 427 (N.D. Ind. 1991))).

8

Furthermore, Nelson does not allege that Redick was aware of his alleged physical distress or knew that he had some pressing need for medical attention.[39] All that can be ascertained from the amended complaint is that Redick received a written sick-call request from Nelson and placed it into the basket she was carrying. However, as noted above, it is well known that prisoners submit sick-call requests for a variety of reasons and not all of them qualify as serious medical needs. Thus, it cannot be said that Redick acted "with deliberate indifference to a substantial risk of serious harm to a prisoner"[40] when there is no allegation that Redick was aware of a serious medical need or substantial risk of harm to Nelson if he was not immediately treated by medical. Indeed, as already pointed out, there is no allegation of a serious medical need or a substantial risk of harm in the instant amended complaint at all.

Nelson's Eighth Amendment medical indifference claim, therefore, fails at both elements. Because Nelson has failed to state a claim upon which relief may be granted, the Court must dismiss this claim pursuant to 28 U.S.C. § 1915A(b)(1). Dismissal will be with prejudice, as Nelson has failed to cure deficiencies even with previous amendments allowed.

---

[39] *See, e.g.*, *Montgomery v. Pinchak*, 294 F.3d 492, 494 (3d Cir. 2002) (explaining that certain medical issues "unlike, for example, broken legs or bullet wounds, do not clearly manifest themselves in ways that are obvious and ascertainable to a lay person").

[40] *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).

## B.   Alleged First Amendment Retaliation

To state a First Amendment retaliation claim, a prisoner must allege that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the inmate's protected conduct was a "substantial or motivating factor" in the prison officials' decision to take the adverse action.[41]

Nelson alleges that Redick failed to submit his sick-call request slip in retaliation for a prior lawsuit he filed against her (and other SCI Mahanoy officials), *Nelson v. Hauser*, No. 4:22-CV-00686 (M.D. Pa.).[42]  This is a new theory of Section 1983 liability that did not appear in his original complaint.

There are two significant problems with Nelson's retaliation claim.  First, and most importantly, a single instance of failing to submit an inmate's sick-call slip, on its own, does not rise to the level of an adverse action.  That is, it would not deter a person of ordinary firmness from exercising his or her First Amendment rights.  This is especially true when medical treatment was received several hours later as opposed to, for example, being blocked entirely.[43]

---

[41]   *Wisniewski*, 857 F.3d at 156 (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).
[42]   Doc. 10 ¶¶ 9-10.
[43]   *See Pascale v. S. State Corr. Facility, Med. Dep't*, No. 20-cv-2572 (FLW), 2021 WL 794487, at *3 (D.N.J. Mar. 2, 2021) (Wolfson, C.J.) ("The refusal to take Plaintiff's sick calls, without more, does not amount to an adverse action sufficient to deter a reasonable person from

Second, from the documents Nelson attached to his original complaint, it does not appear that he ever raised or exhausted this newly asserted retaliation claim in administrative proceedings. Normally, administrative exhaustion is an affirmative defense. However, when it is apparent from the face of the pleading that a plaintiff has failed to administratively exhaust a claim, dismissal may be appropriate.[44] Here, Nelson provided his October 28, 2022 grievance (No. 1004459) regarding the October 27, 2022 incident as an attachment to his initial complaint.[45] Nowhere in that grievance does he assert or even mention retaliation.[46]

Although the Court *sua sponte* observes this probable failure to exhaust administrative remedies, it is not the basis for dismissal of Nelson's retaliation claim. Nelson did not attach the grievance to his amended complaint, nor did he incorporate it by reference into his amended pleading.

Rather, dismissal of Nelson's retaliation claim is required because Nelson has not, and cannot, state an actionable adverse action. Redick's failure to submit a single sick-call slip—under the circumstances described in the amended

---

    exercising his First Amendment rights because Plaintiff continued to receive medical treatment.").

[44] *See Ball v. Famiglio*, 726 F.3d 448, 460 (3d Cir. 2013), *abrogated in part by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[45] *See* Doc. 1-1.
[46] *See id.*

complaint—objectively would not deter a person of ordinary firmness from exercising his First Amendment rights.

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[47] Further leave to amend the Eighth Amendment medical indifference claim will be denied because Nelson has failed to cure the numerous deficiencies with this claim even after "amendments previously allowed."[48] Leave to amend the First Amendment retaliation claim will be denied as futile because no amount of amendment could cure the noted deficiency of the absence of an actionable adverse action.[49]

### IV. CONCLUSION

Based on the foregoing, the Court will dismiss Nelson's amended complaint with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted.

---

[47] *Grayson*, 293 F.3d at 114.
[48] *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").
[49] *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[T]he district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge